UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RONALD RAY DEPROW,

Petitioner,

v.

ROB MUNDT, Warden,

Respondent.

Civil File No. 00-2641 (RHK/ESS)

**REPORT AND RECOMMENDATION**

RONALD RAY DEPROW, Federal Correctional Institution, Box 1500, Waseca, Mn. 56093-0741, Petitioner, pro se.

MARY JO MADIGAN, ESQ., 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Mn. 55415, for Respondent.

The above-entitled matter is before the undersigned Magistrate Judge of District Court on the petition of Ronald Ray Deprow for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1]. The Court ordered the Petitioner to file an Amended Petition that complied with the requirements of the rules governing habeas corpus petitions [Docket No. 4]. Petitioner filed an Amended Petition [Docket No. 5]. On January 4, 2001, the undersigned filed an order requiring Respondent Rob Mundt to show cause why the writ should not be granted [Docket No. 7]. On January 23, 2001, Respondent filed a Memorandum in Support of Dismissal, requesting that Petitioner's application for habeas relief be dismissed with prejudice. [Docket No. 9].

These proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition for writ of habeas corpus be granted.

AUG 3 0 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

On April 15, 1998, in the United States District Court for the Eastern District of Missouri, Petitioner entered a plea of guilty to one count of Conspiracy to Manufacture Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 [Docket No. 11, Ex. A]. He was sentenced to a term of imprisonment of 120 months [Docket Nos. 5, 11, Ex. A]. Petitioner's term of imprisonment has since been reduced to 101 months [Docket Nos. 5, 11, Ex. B, 13]. According to the Respondent, Petitioner has a projected release date of August 27, 2005 [Docket No. 9].

The petition arises as a result of a disciplinary proceeding that took place following a March 10, 2000 incident at USP Leavenworth, where Plaintiff was incarcerated at the time. On March 10, 2000, a search of Petitioner's property locker revealed the presence of a weapon [Docket No. 10, Ex. A]. The weapon was an 8-inch long piece of sharpened metal that was taped around one end to form an "ice pick type homemade weapon." Id. Petitioner denied owning the weapon. Id. Petitioner was charged with "possession of a weapon." Id. At the request of the Chairman of the Unit Discipline Committee (UDC), several people were interviewed; on March 13, 2000, a summary of the interviews was completed and forwarded to the Chairman of the UDC [Docket No. 10, Ex. H].[1] On March 16, 2000, the UDC referred the matter to a Discipline Hearing Officer (DHO) for a fact-finding hearing [Docket No. 10, Ex. A]. On that date, Petitioner was advised of his rights at the disciplinary hearing. He was informed that, among other things, he had "the right to call witnesses (or present written statements of unavailable witnesses)"; Petitioner indicated that he wished to have witnesses [Docket No. 10, Exs. F, G].

---

[1] The Court has ordered that Exhibit H of Docket No. 10 be filed under seal [Docket No. 12]. The document was never properly filed with the Court and will be docketed separately. However, for purposes of this Report and Recommendation, the Court will refer to this document as Exhibit H of Docket No. 10, since that is the way it has been referred to by the parties.

A hearing before the DHO took place on March 23, 2000. The DHO completed a report of the proceedings [Docket No. 10, Ex. B]. The DHO indicated that the Petitioner did not request any witnesses for the hearing. Id. The DHO found that the Petitioner committed the "prohibited act" and dismissed his "claim of set up." Id. The sanctions imposed were a loss of 40 days of "good conduct time," 60 days of "disciplinary segregation," and the recommendation for a "disciplinary transfer." Id.

The Petitioner provides three grounds in support of his petition [Docket No. 5]. The first ground is that Petitioner was denied due process and equal protection because the Petitioner was not permitted to call witnesses on his behalf. Id. The second ground also alleges a due process and equal protection violation because the DHO was involved in this matter prior to the disciplinary hearing. Id. The third ground is that the Petitioner is innocent of the charge and knows the identity of the individual who set him up. Id.

For the reasons discussed below, the Court concludes that Petitioner is entitled to habeas corpus relief on one of the grounds listed in his petition. It will therefore be recommended that, pursuant to 28 U.S.C. § 2243, a writ of habeas corpus should issue so that a hearing may be held.

## II. DISCUSSION

### A. Form Of Action

The essence of a habeas corpus petition is an attack by a person in custody upon the legality of that custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833 (1973). Habeas corpus is also available to shorten the length of actual confinement. Id., at 487, at 1835. Petitioner seeks a writ of habeas corpus because of sanctions imposed by the DHO. The sanctions included loss of 40 days good conduct time, 60 days in disciplinary segregation, and a recommended disciplinary transfer. Only the loss of good conduct time can be remedied by a writ of habeas

corpus. See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996)(if the prisoner is not challenging the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy).

The time Petitioner spent in disciplinary segregation and his disciplinary transfer affect the conditions of his confinement. A civil rights action, rather than a habeas corpus action, is the prescribed federal remedy for a prisoner who is challenging the conditions of his confinement rather than the fact or duration of his confinement. See Williams v. Hopkins, 130 F.3d 333, 336 (8th Cir. 1997). The disciplinary segregation and transfer of the Petitioner give rise, at best, to a Bivens claim,[2] not habeas corpus. A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights. Buford v. Runyon, 160 F.3d 1199, 1203, n. 6 (8th Cir. 1998). However, the Eighth Circuit has stated that "no liberty interest protected by the due process clause is implicated and no particular process is required in connection with inmate transfers among prisons unless a state creates a protected liberty interest." Williams v. Walls, 744 F.2d 1345, 1346 (8th Cir. 1984); see also Holland v. Ciccone, 386 F.2d 825, 827 (8th Cir. 1967). Thus, Petitioner likely has no remedy for the disciplinary transfer. As for his disciplinary segregation, that matter should be addressed in a separate Bivens action.[3]

---

[2]See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S.388, 91 S.Ct. 1999 (1971).

[3]The Eighth Circuit has stated that habeas corpus petitions, especially those brought by *pro se* petitioners, that raise claims cognizable under Bivens or 42 U.S.C. § 1983 should be treated as if they were filed as a civil rights action. See Young v. Armontrout, 795 F.2d 55, 56 (8th Cir. 1986); Cancel v. Rison, 985 F.2d 404, 405 (8th Cir. 1993); Kruger, 77 F.3d at 1074, n. 6; Papantony v. Hedrick, 215 F.3d 863, 865 (8th Cir. 2000). However, all of these cases involved the dismissal of the underlying habeas corpus petition. Because the Court is not recommending a dismissal of the underlying petition, Petitioner's Bivens claim might be more appropriately asserted in a separate

B. The Merits of Petitioner's Claims

**(i) Due Process and Equal Protection Violation**

Petitioner argues that he lost 40 days of good conduct time in violation of his due process and equal protection rights. His argument relates to his inability to call witnesses at the disciplinary hearing.[4] Respondent suggests that Petitioner may be challenging the application of the "constructive possession" rule. The Court disagrees with this suggestion. The first ground listed in the petition explicitly refers to witnesses. The "constructive possession" rule will be treated below in the Court's consideration of Petitioner's third ground for relief.

The United States Supreme Court has outlined the extent of procedural due process rights involved in a prison disciplinary setting. See Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979 (1974); see also Brown-El v. Delo, 969 F.2d 644, 647 (8th Cir. 1992). The Wolff Court said that an "inmate facing disciplinary proceedings should be allowed to call witnesses ... in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566, 94 S.Ct. at 2979; Brown v. Frey, 889 F.2d 159, 167 (8th Cir. 1989). In Brown, however, the Eighth Circuit stated that the deference accorded prison officials limits an inmate's right to call witnesses for security reasons. The Court went so far as to say that "the discretion of prison officials is so broad that 'it may be that a constitutional challenge to a disciplinary hearing [based on an inmate's right to call witnesses] ... will rarely, if ever, be

---

complaint. But see Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991)(to the extent that civil rights Plaintiff challenges the fact or duration of his confinement, Court should treat complaint as a habeas corpus petition; to the extent that Plaintiff seeks damages, Court should treat it as a Bivens action).

[4]The Petitioner also suggests that the DHO was actively involved in this matter prior to the hearing. Petitioner makes more detailed allegations of this behavior in his second ground for relief and the Court will review such evidence there.

successful.'" Id. (quoting Ponte v. Real 471 U.S. 491, 499, 105 S.Ct. 2192, 2197 (1985)). Nonetheless, prison officials may not arbitrarily deny inmate's request to call witnesses at a disciplinary hearing. Turner v. Caspari, 38 F.3d 388 (8th Cir. 1994); Moran v. Farrier, 924 F.2d 134 (8th Cir. 1991); Rodgers v. Thomas, 879 F.2d 380 (8th Cir. 1989); Malek v. Camp, 822 F.2d 812 (8th Cir. 1987).

Petitioner alleges that he was not permitted to call witnesses. On page 4 of Respondent's Memorandum in Support of Dismissal, the Respondent states that "the petitioner did not request any witnesses" [Docket No. 9]. If true, this might be a legitimate reason for not allowing the Petitioner to call witnesses. However, Respondent's statement is directly contradicted by the evidence. In support of his statement, the Respondent references two exhibits, the Discipline Hearing Officer Report ("Report") and the Notice of Discipline Hearing Before the (DHO) ("Notice") [Docket No. 10, Exs. B and G, respectively]. On the Notice, Petitioner checked the statement "I do wish to have witnesses." The Notice contains Petitioner's signature and the date, "3-16-00." The Report, which was signed by the DHO, presents a different view of the facts. With respect to witnesses, the Report presents the DHO with four options. The Report first asks whether witnesses were requested; the second question asks which witnesses were called; the third question concerns which requested witnesses were not called and the reasons for not calling them; the fourth question is whether unavailable witnesses were requested to submit written statements Docket No. 10, Ex. B]. The DHO addressed only the first question, indicating that the Petitioner did not request witnesses. Id.

The Court cannot reconcile the Respondent's statement that the Petitioner did not request witnesses with Petitioner's signed request for witnesses. The Report of the DHO is unhelpful in reconciling these statements. The DHO did not say that the Petitioner requested witnesses but that

there were reasons for not calling them, a conclusion that is clearly allowed by the Report.[5] The DHO simply said that the Petitioner did not request them, suggesting that the DHO was completely unaware that Petitioner had invoked his constitutional right, under Wolff, to call witnesses.

The right to call witnesses appears to be particularly important in this case because Petitioner has since identified three individuals who can provide material evidence with respect to this incident. Petitioner claims that he was framed. Petitioner has presented a sworn statement[6] of Howard Millard (# 11617-045), in which he states that an individual, Lance Howard, admitted that he framed the Petitioner [Attachment to Docket No. 5]. Petitioner has also presented an unsworn statement[7] of Tim Ellezy (# 12274-045) [Attachment to Docket No. 8]. Ellezy's statement also implicates Lance Howard and supports Petitioner's claim that he was framed. The DHO did not consider any testimony from Howard Millard, Tim Ellezy, or Lance Howard.[8] Petitioner was never given the opportunity to present the testimony of these witnesses. The DHO gave no reasons for denying Petitioner's request to present witnesses.

This case presents facts similar to those in Moran v. Farrier, supra. In Moran, the inmate alleged that his due process rights had been violated because he had not been permitted to call a witness. Moran maintained that he requested that a specific individual be called as a witness before

[5]The DHO did indicate that she considered the statements given to a Case Manager [Docket No. 10, Exs. B and H]. However, the Case Manager's Memorandum was written on March 13, 2000, three days before Petitioner requested witnesses. There is no clear evidence that the statements taken by the Case Manager were given by individuals the Petitioner wanted to call in his defense.

[6]Howard Millard's statement substantially complies with the requirements of 28 U.S.C. § 1746.

[7]Tim Ellezy's statement does not comply with the requirements of 28 U.S.C. § 1746.

[8]The Case Manager did not receive statements from any of these individuals [Docket No. 10, Ex. H].

and during the hearing; the Disciplinary Hearing Committee report noted that Moran had not requested any witnesses. Moran, 924 F.2d at 136. The magistrate assigned to the case found that Moran had asked that a particular witness be called. Id. at 137. The Eighth Circuit concluded that the record supported the magistrate's finding that Moran's due process rights were violated. Id. However, the facts in this case are not perfectly analogous. Moran named a specific witness he wanted to call. The record in this case does not identify the witnesses Petitioner wanted to call. On the document in which Petitioner requested witnesses, there are three spaces given for the identification of witnesses. These spaces were not completed but, instead, there is a parenthetical note that instructs one to "see attachments" [Docket No. 10, Ex. G]. The Respondent has failed to provide these attachments, but merely provides a statement that the requested witnesses had previously been interviewed by the Case Manager [Docket No. 10, ¶ 8].[9]

As stated above, prison officials may not arbitrarily deny an inmate's request to call witnesses. Id. The Petitioner requested the opportunity to call witnesses. The Respondent did not provide reasons for denying the request; in fact, it does not appear as if the request was even denied, it was simply ignored. In this case, the Respondent deprived the Petitioner of 40 days of good conduct time; this action was taken after a hearing in which the Respondent gave no reasons for not permitting the Petitioner to call witnesses. The Court concludes that Respondent violated Petitioner's due process rights.

The Petitioner also alleged a violation of his right to equal protection. As stated by the

---

[9]The Court notes for the record that Docket No. 10 is a Declaration of Terri Ferritor, the DHO in this matter. The Declaration substantially complies with the requirements of 28 U.S.C. § 1746. In Paragraph 8, Terri Ferritor apparently contradicts Respondent's claim that the Petitioner did not request witnesses; she acknowledges that Petitioner asked that certain individuals be interviewed. The Court further notes, however, that these interviews occurred before the UDC met and before Petitioner was given the opportunity to request witnesses.

Respondent, the right to equal protection requires that the government treat similarly situated individuals in a similar manner. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 3255 (1985). Treatment of dissimilarly situated persons in a dissimilar manner by the government does not violate the Equal Protection Clause. Keevan v. Smith, 100 F.3d 644, 648 (8th Cir. 1996). Respondent suggests that, to establish an equal protection violation, the Petitioner must establish that other inmates found to possess a weapon have been treated differently than he has been treated. The Respondent further maintains that the Petitioner has been treated the same as other inmates at FPC Leavenworth who have been found to have weapons.

The Court disagrees with Respondent's analysis, but agrees that Petitioner's argument fails. The first ground in the petition refers to the calling of witnesses, not Petitioner's subsequent punishment. The Court has determined that, by failing to address Petitioner's right to call witnesses at his disciplinary hearing, Respondent deprived the Petitioner of due process. Petitioner's equal protection argument is rooted in this due process violation. Presumably, the Respondent respects the due process rights of all of its prisoners; the Respondent's failure to do so in this case provides evidence that Petitioner did not receive equal protection. But that should be true of any due process violation. Petitioner's argument is, in substance, an argument about due process; his equal protection argument is a derivative of that. Petitioner's equal protection argument adds nothing to his claim and should be disregarded.

**(ii) Petitioner's Second Ground**

The Petitioner's second argument also relies on equal protection and due process. Petitioner alleges that the DHO told the prison officials how to write the initial incident report and that she was actively involved in this matter prior to the disciplinary hearing. There is no evidence to support Petitioner's allegations. The only relevant evidence is the DHO's denial of the allegations

[Docket No. 10, ¶ 5]. The Court has nothing to add with respect to Petitioner's equal protection or due process arguments. Petitioner is not entitled to relief on this ground.

**(iii) Petitioner's Actual Innocence**

While Petitioner's earlier arguments concerned the procedural aspects of his disciplinary hearing, his third ground for relief proceeds to the merits of the DHO's findings. Petitioner maintains that contraband was placed in his locker by inmate Lance Howard. Inmate Tim Ellezy provided an unsworn statement that he saw Lance Howard, who said he was making a key so that he could open another inmate's locker and put contraband in it. Inmate Howard Millard provided a sworn statement that Lance Howard has confessed that he framed the Petitioner.

The outcome of a disciplinary proceeding is reviewed only to ensure that it was not so lacking in evidentiary support as to violate due process. Hrbek v. Nix, 12 F.3d 777, 781 (8th Cir. 1993)(citing Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 457, 105 S.Ct. 2768, 2775 (1985)). Thus, a decision is proper if it is supported by "some evidence." Id.

There was evidence to support the DHO's decision. Petitioner does not dispute that the contraband was found in his property locker. He does not dispute that he has a duty to keep his personal area free from contraband. He just maintains that another inmate picked the lock on his locker and placed the contraband inside. Under similar circumstances, the Eighth Circuit has upheld the decisions of a disciplinary committee. See Mason v. Sargent, 898 F.2d 679 (8th Cir. 1990). In Mason, an inmate was disciplined for destruction of prison property and possession of contraband. The items were found in the inmate's property locker, giving the inmate *constructive possession* of them. However, in Mason, the inmate shared his property locker with another inmate. The inmate argued that the contraband belonged to the other inmate. The disciplinary committee disciplined him anyway. The Court found that the decision of the disciplinary committee was

supported by some evidence. While Mason did not involve allegations that one inmate was acting with malevolence toward another, as is the case here, they are otherwise analogous.

While Petitioner may have been framed, the DHO's decision was supported by sufficient evidence to uphold the decision. Thus, Petitioner's third ground for relief is without merit.

## III. RECOMMENDATION

The DHO's decision to discipline the Petitioner was supported by sufficient evidence. However, the proceeding by which this decision was made did not adequately protect Petitioner's due process rights under Wolff. Accordingly, based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED**:

1. That Petitioner's application for habeas corpus relief, (Docket No. 10), be GRANTED so that a hearing may be held on this matter.

Dated: August 30, 2001

E. S. Swearingen

E. S. SWEARINGEN
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties within ten days, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.