UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RONALD RAY DEPROW,

Petitioner,

v.

ROB MUNDT, Warden,

Respondent.

Civil File No. 00-2641 (RHK/ESS)

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

RONALD RAY DEPROW, Federal Correctional Institution, Box 1500, Waseca, Mn. 56093-0741, Petitioner, pro se.

MARY JO MADIGAN, ESQ., 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Mn. 55415, for Respondent.

The above-entitled matter is before the undersigned Magistrate Judge of District Court pursuant to a remand by Judge Richard H. Kyle [Docket No. 20]. Petitioner, Ronald Ray Deprow, applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1]. The Court ordered the Petitioner to file an Amended Petition that complied with the requirements of the rules governing habeas corpus petitions [Docket No. 4]. Petitioner filed an Amended Petition [Docket No. 5]. On January 4, 2001, the undersigned filed an order requiring Respondent Rob Mundt to show cause why the writ should not be granted [Docket No. 7]. On January 23, 2001, Respondent filed a Memorandum in Support of Dismissal, requesting that Petitioner's application for habeas relief be dismissed with prejudice. [Docket No. 9]. After considering the evidence, the undersigned concluded that the Respondent had failed to show cause why the writ should not be granted; specifically, the Respondent failed to show that Petitioner had received due process in his disciplinary hearing. Accordingly, the undersigned recommended that Petitioner's request for relief

FILED NOV 23 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

be granted [Docket No. 15]. Respondent filed objections to the Report and Recommendation [Docket No. 16]. The Respondent also submitted additional evidence in support of his position [Docket Nos. 17-19]. Judge Kyle remanded this matter for a Supplemental Report and Recommendation so that the additional evidence could be considered [Docket No. 20].

Having considered the additional evidence, the Court recommends that the Petition be dismissed without further consideration.

**ANALYSIS**

Petitioner's application for a writ of habeas corpus arises out of a disciplinary hearing in which the Petitioner lost 40 days of good conduct time. Petitioner alleged that the hearing violated his due process rights because he was not permitted to call witnesses. The Court adopts by reference the factual findings in its earlier Report and Recommendation. However, in considering the additional evidence submitted by the Respondent, the Court no longer recommends that the Petition be granted. While the additional evidence does not contradict the Court's earlier factual findings, it provides sufficient evidence for the Court now to conclude that Respondent did not violate Petitioner's due process rights.

The Court had found irreconcilable the Hearing Officer's finding that the Petitioner did not request witnesses with the Petitioner's explicit request. [Compare Docket No. 10, Exs. B & G.] In her supplemental declaration, the Hearing Officer maintains that her report contains a typographical error [Docket No. 19, ¶ 8]. Instead of indicating that Petitioner did not request witnesses, the Hearing Officer's report should have indicated that "unavailable witnesses were requested to submit written statements." [See Docket No. 10, Ex. B, No. 19, ¶ 8]. This provides sufficient evidence for the Court to find that the Hearing Officer was at least aware of the fact that the Petitioner had requested witnesses.

The Court was also concerned about whether the testimony of the individuals whom the Petitioner wished to call had been considered. On March 16, 2000, the Petitioner requested the opportunity to have witnesses [Docket No. 10, Ex. G]. Instead of identifying the witnesses, the form contained a parenthetical remark, "see attachments"; however, in responding to the order to show cause, the Respondent neither identified the attachment nor explained its contents. The Hearing Officer has since explained that the attachment was the document containing the statements collected by the Case Manager [Docket No. 19, ¶ 3].[1] Thus, although these statements were collected by the Case Manager before March 13, 2000, the Court can now find that the Petitioner's March 16, 2000 request for witnesses was satisfied by those earlier statements. In short, the Court can now find that the Petitioner did not request any witnesses *other than* those who had previously given statements to the Case Manager. By implication, the Court can now find that the Petitioner had not requested that Howard Millard, Tim Ellezy, or Lance Howard, be called as witnesses prior to the hearing.[2]

Thus, the Court can now also find that the Hearing Officer considered the statements of the individuals whom the Petitioner wished to call as witnesses. The Hearing Officer had stated that she had considered the statements in the Case Manager's report [See Docket No. 10, ¶ 8 and Ex. B]. Having found that the Hearing Officer knew that the Petitioner had requested witnesses and that the Case Manager's report contained the statements of all of the individuals whom the Petitioner wished to call, there is sufficient evidence for the Court now to find that the Hearing Officer considered the substance of the evidence that the Petitioner wished to present through his witnesses.

---

[1] In its earlier Report and Recommendation, the Court referred to this document as Exhibit H of Docket No. 10. The document has since been filed under seal [Docket No. 14].

[2] Petitioner alleged that these individuals could provide evidence relevant to the incident for which he was disciplined. They were not called to testify at the disciplinary hearing and their statements did not appeared in the Case Manager's report.

In addition, the Respondent has submitted evidence that permits the Court to conclude that the Hearing Officer's decision not to allow the Petitioner to present witnesses in person did not violate Petitioner's due process rights. As stated in the Court's earlier Report and Recommendation, the Eighth Circuit accords great deference to prison officials to limit, for security reasons, the rights of an inmate to call witnesses. See Brown v. Frey, 889 F.2d 159, 167 (8th Cir. 1989); See also Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979 (1974). The evidence now shows that, for security reasons, Petitioner's right to call witnesses was limited [Docket No. 17, ¶ 2; Docket No. 19, ¶ 4]. Accordingly, the Court can now conclude that Respondent did not violate Petitioner's due process rights on this ground.

**RECOMMENDATION**

The supplemental evidence submitted by the Respondent clarified the record and has permitted the Court to make additional factual findings. The Petitioner requested witnesses; statements of those potential witnesses had been compiled; those statements were considered by the Hearing Officer; for security reasons, the potential witnesses were not permitted to appear personally. These factual findings permit the Court to conclude that, with respect to the disciplinary hearing, Petitioner's due process rights were protected. Accordingly, based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED**:

1. That Petitioner's application for habeas corpus relief, (Docket No. 10), be DISMISSED.

Dated: November 21, 2001

E. S. Swearingen
E. S. SWEARINGEN
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties within ten days, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.